UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD LAMONT GRIFFIN,

          Plaintiff,

v.                                          Case No. 2:06-CV-11965

STATE OF MICHIGAN
76th DISTRICT COURT,

          Defendant.
_____/

## ORDER OF DISMISSAL

### I. BACKGROUND

Plaintiff Gerald Lamont Griffin, who is confined at the Isabella County Jail in Mount Pleasant, Michigan, has filed a *pro se* complaint for monetary relief. The named defendant is the 76th District Court in Mount Pleasant. The court construes the complaint to also name the following individuals as defendants because they are mentioned in the body of the complaint: Judge Mark Duthie, prosecuting attorney Mark Kowalczyk, and attorney Jeff Lynch.

Plaintiff alleges that he was charged initially with one count of telephone tapping/cutting lines and two counts involving controlled substances. After these charges were dismissed, Plaintiff was taken back to a correctional facility in Mt. Pleasant to pick up his property and be discharged. However, instead of being released from custody, Plaintiff was held and charged a second time with the same three offenses.

Plaintiff alleges that the defendants falsified the date of his arrest in an attempt to frame him. He further alleges that the defendants violated the Double Jeopardy Clause of the Fifth Amendment by prosecuting him twice for the same offenses. In addition, Plaintiff asserts that he was denied his right to a speedy trial under the Sixth Amendment because he was held in custody for seventeen working days before being taken to court. Plaintiff seeks six million dollars for illegal incarceration and related problems and dismissal of the charges against him.

## II. DISCUSSION

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1912 (e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending claims are frivolous and fail to state a claim because Plaintiff is challenging the legality of his confinement. A civil rights action is not the proper remedy for a state prisoner to make a constitutional challenge to the fact or length of his

confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  A plaintiff generally has no cause of action under § 1983 for allegedly unconstitutional imprisonment unless the decision to hold him in custody is invalidated by state officials or impugned by the grant of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  *Heck* and other Supreme Courts cases, when "taken together, indicate that a state prisoner's 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success of that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in the original).

    A demonstration that Defendants violated Plaintiff's rights under the Fifth and Sixth Amendments to the United States Constitution would invalidate Plaintiff's confinement.  Moreover, Plaintiff has not alleged or shown that his confinement in jail was invalidated in state court or impugned in a habeas corpus case, following exhaustion of state remedies.  In fact, it appears that Plaintiff has not yet been convicted.

    Plaintiff's claims are frivolous and fail to state a claim for the following additional reasons. To the extent that Plaintiff has named the State of Michigan as a defendant, the Eleventh Amendment bars his claims.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The 76th Judicial District Court cannot be sued under § 1983, because a court is not considered a "person" within the meaning of § 1983.  *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988).

    Defendant Duthie is not a proper party here, because judges enjoy absolute

immunity from liability for actions taken in their judicial capacity in matters over which they have jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Plaintiff does not allege that Defendant Duthie acted outside of his judicial capacity or that he lacked jurisdiction in his case. Therefore, Plaintiff has not stated a claim against Defendant Duthie.

Prosecutors also enjoy immunity from damages liability. The key to analyzing prosecutorial immunity is determining whether the act in question was performed in the prosecutor's role as an advocate for the state. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The court assumes that Defendant Kowalczyk initiated the criminal charges against Plaintiff. In so doing, he was acting as an advocate for the state. Because his conduct was "intimately associated with the judicial phase of the criminal process," the doctrine of absolute immunity applies to him. *See id.*

Finally, the allegations about Defendant Lynch fail to state a claim because private attorneys, even those appointed by the court, do not act under color of state law. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968). Thus, Plaintiff has failed to satisfy an essential element of a § 1983 case, namely, that the defendant acted under the color of state law. *Block v. Ridar*, 156 F.3d 673, 677 (6th Cir. 1998).

### III.  CONCLUSION

For all the foregoing reasons, the court concludes that Plaintiff's claims lack an arguable basis in law and fail to state a claim under § 1983.  Accordingly,

IT IS ORDERED that Plaintiff's claims against the Defendants State of Michigan, the 76th Judicial District Court, Judge Mark Duthie, prosecutor Mark Kowalczyk, and attorney Jeff Lynch are summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 14, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 14, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-11965.Griffin.DismissFrivilous.wpd